IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT PIERRE KIDD,

                Plaintiff,

v.

WAUPUN CORRECTIONAL INSTITUTION,

                Defendant.

OPINION & ORDER

17-cv-265-jdp

---

    Plaintiff Robert Pierre Kidd, a prisoner at the Waupun Correctional Institution, has filed a complaint alleging that prison staff gave him incorrect medication, causing him harm. Kidd has made an initial partial payment of the filing fee for this lawsuit, as previously directed by the court.

    The next step is for the court to screen the complaint and dismiss any portions that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 & 1915A. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam). After considering Kidd's allegations, I conclude that the complaint must be dismissed because it fails to comply with the Federal Rules of Civil Procedure, but I will give him a chance to amend his complaint to include this information.

    Kidd says that he was given incorrect medication, but he does not explain who gave him the medication, instead stating only "Nursing Encounter Protocols/C.O." He names the Waupun Correctional Institution as the defendant, but he cannot sue the prison or state itself for the alleged violation here. He needs to name as defendants the officials who decided to give

him the incorrect medication. If Kidd does not know the actual identities of those individuals, he should refer to these individuals as "John Doe No. 1," "John Doe No. 2," and so on. I will give him a short time to amend his complaint to name the prison officials responsible for this incident.

At the end of his complaint and in attached documents, Kidd mentions a separate incident, occurring in 2014, about being pepper sprayed while he was having a seizure. Separate incidents of misconduct like those discussed by Kidd cannot be brought in the same lawsuit unless they involve the same defendants. *See* Fed. R. Civ. P. 18 & 20. Kidd recently tried to bring a lawsuit about the pepper-spray incident against defendants Brian Foster and William Pollard, *see Kidd v. Foster*, No. 17-cv-6-jdp (W.D. Wis.), but that case was closed after Kidd failed to pay an initial partial payment of the filing fee. Kidd will not be able to bring his claims about the pepper-spray incident in this lawsuit unless Foster or Pollard were also responsible for the medication incident. Otherwise, Kidd may proceed in the 17-cv-6 case only by submitting his initial partial payment for that case.

ORDER

IT IS ORDERED that plaintiff Robert Pierre Kidd's complaint in this case is DISMISSED for failure to comply with the Federal Rules of Civil Procedure. He may have

until June 23, 2017, to submit an amended complaint that explains who violated his rights by giving him the incorrect medication.

Entered June 2, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge