IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT PIERRE KIDD,

               Plaintiff,

v.

WAUPUN CORRECTIONAL INSTITUTION,

               Defendant.

OPINION & ORDER

17-cv-265-jdp[1]

---

Plaintiff Robert Pierre Kidd, a prisoner at the Waupun Correctional Institution, filed this lawsuit alleging that prison staff gave him incorrect medication and pepper sprayed him while he was having a seizure. In a June 2, 2017 order, I dismissed Kidd's complaint under Federal Rules of Civil Procedure 8 and 20 because Kidd did not name any individuals who violated his rights and the incidents about incorrect medication and pepper spraying did not appear to be related. I gave Kidd a chance to file an amended complaint fixing these problems. Kidd has filed an amended complaint in this case discussing only the pepper spray incident. He followed by filing six more lawsuits:

- 17-cv-597-jdp: Kidd alleges that he was held down and pepper sprayed during a seizure in December 2014 even though prison officials were told not to handcuff him during seizures.

- 17-cv-598-jdp: Kidd sues a state-court judge for rejecting his request for a jury trial in a criminal case.

- 17-cv-627-jdp: Kidd alleges that he was handcuffed during a seizure in July 2017 and then punished for disruptive conduct, even though he cannot control himself during a seizure.

---

[1] Although I set forth only the caption of case no. 17-cv-265-jdp above, the clerk of court is directed to docket this opinion in each of the other six cases discussed in this opinion.

- 17-cv-654-jdp: Kidd alleges that an inmate picked up Kidd's legal papers following a seizure, and prison officials will not let the inmate return them to Kidd.

- 17-cv-660-jdp: Kidd sues a doctor for testifying that Kidd was competent to plead guilty to a crime, and he sues his lawyers for what he believes was substandard representation.

- 17-cv-712-jdp: Kidd alleges that he receives ibuprofen as treatment for an unnamed medical problem. He also states that he was accused of faking a seizure.

This order addresses several issues arising out of Kidd's various complaints and the other correspondence he has submitted.

A. Voluntary dismissal

Over the past couple of months, Kidd and the clerk's office have corresponded about the initial partial payments for each of these cases. Kidd has made payments in four of the seven cases. In the meantime, he has submitted a series of letters to the court, stating that he would like to keep all of his cases open and consolidate them if possible. But in his most recent submissions, Kidd states that he would like to voluntarily dismiss three of his cases: the '598 case against a judge, the '627 case about being punished for seizures, and the '654 case about his legal papers. *See* Dkt. 18 and 19 in the '598 case. I will grant Kidd's motion and dismiss all three of these cases without prejudice, which means he can refile them later if he so chooses. Because he has chosen this route so early in the cases, I conclude that he will not owe the $350 filing fee for any of them.

Kidd also asks for the payments he made in those cases to be applied to his other cases. Kidd did not make any payments in the '627 and '654 cases. He did make an initial partial payment in the '598 case. I will direct the clerk of court to transfer that payment to the one remaining case in which he did not make an initial payment, the '712 case.

**B. Consolidation**

Kidd asks the court to "look into each case . . . and put them together if possible." Dkt. 29-3 in the '265 case. Most of the claims Kidd attempts to raise in his various lawsuits do not appear to be part of the same set of events or involve the same defendants, so his claims cannot be joined together within any of his individual lawsuits. *See* Fed. R. Civ. P. 18 and 20. Nor is there any reason at this point to consolidate separate cases under Rule 42.

The closest call involves Kidd's various allegations that he was pepper sprayed while having a seizure or otherwise punished for his seizures, in at least three incidents between 2014 and 2016. *See* the '265, '597, and '627 cases. But nothing in Kidd's allegations in those three cases makes a connection among the incidents he names in those complaints, and so there is no reason to consider them together at this point. And as stated above, Kidd is voluntarily dismissing one of his three cases about these problems. If Kidd means to be allege that these incidents are connected or that prison staff is following a policy regarding how to treat him during his seizures, he may amend his complaint in the '265 case to explain the connection between all the events, and change the caption to include all of the prison officials involved. But for now, the '265 and '597 cases will proceed separately, and the '627 case will remain dismissed. I will screen each of Kidd's still-open complaints in separate orders.

Also, Kidd is under the impression that he has two currently open cases about a doctor who testified against him—Kidd refers to the '660 case and case no. "17-cv-6605-jdp," and asks to join the two cases. Dkt. 33 in the '265 case. But there is no '6605 case; there is only the '660 case. So Kidd need not worry about joining two cases about these same claims.

**C. Other issues**

Kidd's submissions raise a few other issues that I conclude should be addressed now, at the outset of his cases. Kidd characterizes the '265 case as being about him being given incorrect medication. Dkt. 29-2 and Dkt. 33 in the '265 case. As I mentioned above, his initial complaint in that case indeed included claims about being given incorrect medication. But after I instructed him to amend his complaint to address the Rule 8 and 20 problems, he submitted an amended complaint that only discusses his being pepper sprayed during a seizure. *See* Dkt. 17. Kidd does not mention anything about his medications. *Id*. So right now, the '265 case is not about his medication problem. If Kidd still wishes to bring claims about being given the wrong medication, he has two choices. He can file a brand-new lawsuit about the medication problem. Or he can submit a new amended complaint in the '265 case that includes his allegations about the medication problem. But if he tries to amend this complaint, he will either have to explain how the medication claims are related to his other claims about being pepper sprayed during a seizure, or he will have to allege that the defendants are the same for both sets of claims.

Kidd also mentions other medical problems he is having, including eye, kidney, and heart problems. *See* Dkt. 29-3. But none of his current lawsuits include claims about his treatment for any of these problems, so this court cannot take any action about those problems. If Kidd believes that prison officials are failing to adequately treat these problems, he should raise those concerns to prison staff and then file a separate lawsuit, if necessary.

Finally, Kidd asks the court to order prison officials to stop withdrawing funds from his veteran's pension into his prison account to pay for debts, and instead use his release account funds. But Kidd has not filed a lawsuit about this issue. I might still address the issue if Kidd

were saying that prison officials were blocking him from litigating his cases, but that does not appear to be the case—he has been able to file seven lawsuits and numerous other letters and motions. If Kidd believes that prison officials are violating his constitutional rights with regard to this issue, he can file a new lawsuit about that. But for now I will deny his motion for court intervention.

ORDER

IT IS ORDERED that:

1. Plaintiff Robert Pierre Kidd's motion to voluntarily dismiss case nos. 17-cv-598-jdp, 17-cv-627-jdp, and 17-cv-654-jdp, Dkt. 18 and 19 in the '598 case, is GRANTED. Each of these cases is DISMISSED without prejudice, and plaintiff will not owe the $350 filing fee for any of these cases.

2. The clerk of court is directed to apply plaintiff's initial partial payment of the filing fee in the '598 lawsuit toward case no. 17-cv-712-jdp.

3. Plaintiff's motion for consolidation, Dkt. 29-3 in the '265 case, is DENIED.

4. Plaintiff's motion regarding his veteran's pension funds and release account, Dkt. 33 in the '265 case, is DENIED.

Entered October 25, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge