IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT PIERRE KIDD,

                    Plaintiff,                                    ORDER

        v.
                                                              17-cv-265-jdp[1]
WAUPUN CORRECTIONAL INSTITUTION,

                    Defendant.

Plaintiff Robert Pierre Kidd, a prisoner at the Waupun Correctional Institution, has five cases pending before this court:

- 17-cv-265-jdp: Kidd alleges that in July 2016, prison staff pepper sprayed him while he was having a seizure.

- 17-cv-597-jdp: Kidd alleges that he was held down and pepper sprayed during a seizure in December 2014 even though prison officials were told not to handcuff him during seizures.

- 17-cv-712-jdp: Kidd alleges that he receives ibuprofen as treatment for an unnamed medical problem. He also states that he was accused of faking a seizure.

- 18-cv-313-jdp: Kidd alleges that he was billed about $540 for a correctional officer's injuries after a March 2018 incident involving another seizure.

- 18-cv-707-jdp: Kidd alleges that he was placed in segregation for having a seizure and that the conditions there are dangerous because of his illness.

Kidd also filed several other cases that are now closed. Some he dismissed voluntarily, case nos. 17-cv-598-jdp, 17-cv-627-jdp, and 17-cv-654-jdp, and others were dismissed either

---

[1] Although I set forth only the caption of case no. 17-cv-265-jdp above, the clerk of court is directed to docket this opinion in each of Kidd's other pending cases and in case no. 17-cv-660-jdp.

because he failed to submit an initial partial payment of the filing fee, case no. 18-cv-81-jdp, or because his claims challenged the validity of his conviction, case no. 17-cv-660-jdp.

Kidd has filed a series of motions in his open cases and the closed '660 case, many of them captioned in multiple cases and having to do with filing-fee-collection issues that are common to most of his lawsuits. I will address all of his pending motions in this order.

## A. Case no. 17-cv-712-jdp

After Kidd filed several cases, he requested to close some of them. I dismissed the '598, '627, and '654 cases without prejudice and concluded that Kidd would not owe filing fees for those cases. *See* Dkt. 37 in the '265 case. Kidd asked for the payments he made in those cases to be applied to his other cases. He had not made payments in two of the cases, but I directed the clerk of court to transfer his initial partial payment of the filing fee in case no. '598 case to case no. 17-cv-712. *Id.* Kidd has responded to that order, stating that he also wished to close the '712 case. *See* Dkt. 14; Dkt. 16; Dkt. 34; Dkt. 48 in the '712 case. I will dismiss the '712 case, and I conclude that Kidd will not owe the filing fee for that case. I will direct the clerk of court to transfer payments from that case into his other cases.

## B. Motion to reimburse funds

Kidd has filed a series of motions asking the court to direct prison staff to return $94.44 that they withdrew from his veteran's pension income to pay restitution in a prison disciplinary matter. Dkt. 66; Dkt. 67; Dkt. 72 in the '265 case. But none of Kidd's lawsuits are about the confiscation of these funds, so this court has no authority to consider the issue. I will deny these motions. Kidd is free to file a lawsuit about this issue, but if he chooses to do so, he will have to first exhaust his administrative remedies in the prison inmate grievance system.

## C. Modification of monthly payments

Kidd has filed a series of motions in which he asks the court to direct prison officials to submit specific payment amounts from his prison accounts to this court to apply toward his various filing fees here. *See* Dkt. 72 in the '265 case; Dkt. 87 in the '597 case; Dkt. 48 in the '712 case. In one of his motions he asks for funds to be taken from his release account, and in others he asks for a system to be implemented under which specific amounts would be automatically withdrawn from his account each month and sent to the court to pay off his respective fees. He submits a letter from a DOC financial specialist stating that the prison's computer system cannot set up automatic monthly payments of the sort Kidd wants, and that Kidd will have to submit disbursement requests for each voluntary payment he wishes to make. *See* Dkt. 87-1 in the '597 case.

I'm not convinced that that it would be impossible for the DOC to establish an automatic voluntary payment system for Kidd, seeing as it already administers monthly payments under 28 U.S.C. § 1915 for each prisoner who files a lawsuit in this court *in forma pauperis*. But ultimately, the system's capabilities are irrelevant, because this issue does not come within the court's limited authority to tell prison officials how to administer filing-fee payments. I can direct prison officials to comply with § 1915's payment mechanism, including the use of release-account funds to make an initial partial payment of the filing fee. I could also consider the issue if the DOC's decisions blocked Kidd's ability to litigate his cases, or if Kidd brought a separate lawsuit alleging that the decision violated his rights in some way. But none of those scenarios is present here. There is simply no reason for me to intervene in the DOC's policy on how inmates may make voluntary payments. So I will deny these motions.

### D. Joinder of remaining cases

With the dismissal of the '712 case, Kidd's remaining cases are all related to the way prison officials treat him when he has a seizure. Previously I had concluded that Kidd's cases appeared to concern separate isolated incidents, but I told him that he could amend his complaints to make a connection that might justify considering all of his claims in one case instead of multiple cases. *See* Dkt. 37 in the '265 case, at 3. Kidd filed a motion to join the '597 and '313 cases, and I concluded that his new allegations possibly gave reason to consider the cases together: he appeared to be saying that WCI employees have a practice of using force against him when he has a seizure—they handcuff him, hold him down, and in at least one incident, tried to tase him. *See* Dkt. 53 in the '597 case, at 2. But his allegations, scattered among several documents, were not in a form that complied with the Federal Rules of Civil Procedure, so I gave him a chance to submit a complaint combining his allegations. *Id.* at 2–3. Kidd responded by stating that no longer wished to combine the new cases, so I set a new deadline for him to amend his complaint in the '313 case, and the '597 case proceeded as scheduled. Dkt. 65 in the '597 case, at 2.

Now Kidd has changed course again, filing motions asking the court to combine the '597 and '313 cases, *e.g.*, Dkt. 73; Dkt. 75; Dkt. 76 in the '597 case. He has also filed a motion to amend the caption of the '597 case to remove the individual defendants and instead name the Waupun Correctional Institution as defendant, stating that he wishes to sue "the employer" rather than prison employees, Dkt. 88 in the '597 case. He also filed a brand-new complaint, opened as case no. 18-cv-707-jdp, about an incident in July 2018 in which he was placed in segregation for having a seizure. He states that he is in danger of a seizure-related injury there because he is not in observation status. Again, he names the prison itself as a defendant.

Kidd misunderstands who can be named as a defendant in a civil-rights lawsuit brought under 42 U.S.C. § 1983. The state of Wisconsin, its agencies, or its entities such as WCI cannot be sued for constitutional violations because they are not "persons" within the meaning of § 1983. Dkt. 21 (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65–66 (1989)). Kidd could bring claims for injunctive relief against the state by suing high-level WCI or DOC officials in their official capacity, *see Kentucky v. Graham*, 473 U.S. 159, 165–67 (1985), but he would still need to name an individual as a defendant instead of WCI, and even then he could not pursue claims for the money damages he seeks. To bring a claim for money damages, he needs to name as defendants the individuals who were personally involved in violating his rights. So I will not allow him to name WCI as the defendant in any of these lawsuits.

But Kidd's filings, and his statement that he wishes to sue "the employer" support the idea that he believes that the various incidents raised in his four cases are connected because prison employee's actions were to some degree the result of prison policies or practices regarding how prison staff responded to his seizures. If the facts underlying the four lawsuits are related, there is no reason for there to be four separate lawsuits. But I still cannot join any of them without Kidd producing a single complaint that explains what happened to him with regard to each incident.

So I will give Kidd a final opportunity to submit an amended complaint that explains what happened to him in each incident he mentions in his four lawsuits. Unless Kidd explicitly says that he does not want to join any of the lawsuits, the new complaint will completely replace all of his previously filed complaints. Kidd should draft his new complaint as if he were telling a story to people who know nothing about his situation. He should state (1) what acts he believes violated his rights; (2) what rights were violated; (3) who committed those acts;

and (4) what relief he wants the court to provide. As I stated above, he cannot maintain claims for money damages unless he names specific individual prison employees as defendants in the caption of the complaint, and then explains how each defendant caused him harm. He should also explain why the separate incidents are related to one another. If he believes that the prison has a policy or practice concerning how staff handles his seizures, he should explain who created or enforced that policy or practice. If Kidd does not know the identity of particular defendants, he may label them as John Doe No. 1, John Doe No. 2, and so on, and the court has procedures by which he may make discovery requests to identify those defendants.

I warn Kidd that this is the last time that I will consider the configuration of these four lawsuits. Kidd should make his final decision about whether he wishes any of his four lawsuits to be separate. Any cases that are joined together will result in only one filing fee being assessed, with his other payments being applied toward his open cases. Kidd will still owe a separate filing fee for any lawsuit he wishes to maintain as a separate case.

If Kidd fails to submit a brand-new complaint by the deadline set below, each case will proceed separately, and I will dismiss the '313 case for Kidd's failure to submit a complaint that complies with the Federal Rules of Civil Procedure and assess him a "strike" under § 1915(g).

## E.  Suggestion of death

The state has filed a suggestion of death under Federal Rule of Civil Procedure 25 regarding Matthew Huelsman, a defendant in the '597 case. Defendants have also filed a motion for leave to file an amended answer, along with a red-lined version of the proposed amended answer showing the proposed changes, mainly adding a new defense that Kidd did

not properly serve Huelsman. They state that Kidd refuses to waive claims against Huelsman's successors in exchange for the state defending and indemnifying him.

I will grant defendants' motion for leave to amend the answer, but they are under no obligation to immediately submit their new pleading. They are free to wait for Kidd to respond to this order first about the configuration of his four cases.

If it was defendants' intention to start the 90-day window for Kidd to seek substitution of Huelsman, they have not yet done so. As set forth in *Atkins v. City of Chicago*, 547 F.3d 869, 870–74 (7th Cir. 2008), Rule 25 requires the party filing the suggestion of death to both identify the proper party to be substituted and serve that individual with the notice. Until proper service is effectuated, the 90-day deadline is not triggered. *Id.* at 874 ("[N]othing will suffice to start the 90-day clock running except service on whoever is identified as the decedent's representative or successor."). Given that Kidd is on the process of amending his complaint and has already sought to dismiss Huelsman, defendants are free to wait until Kidd files his brand-new complaint before they take further action under Rule 25.


ORDER

IT IS ORDERED that:

1. Plaintiff Robert Pierre Kidd's motions to voluntarily dismiss case no. 17-cv-712-jdp, Dkt. 14; Dkt. 16; Dkt. 34; Dkt. 48 in the '712 case, are GRANTED. This case is DISMISSED without prejudice, and plaintiff will not owe the $350 filing fee for the case.

2. Plaintiff's motions regarding confiscation of funds from his veteran's pension, Dkt. 66; Dkt. 67; Dkt. 72 in case no. 17-cv-265-jdp, are DENIED.

3. Plaintiff's motions for modification of his monthly filing-fee payments, Dkt. 72 in the '265 case; Dkt. 87 in case no. 17-cv-597-jdp; Dkt. 48 in the '712 case, are DENIED.

4. Plaintiff's motion to amend the caption, Dkt. 88 in the '597 case, is DENIED.

5. Plaintiff may have until October 5, 2018, to submit a brand-new complaint joining any claims about his seizures that he wishes to be litigated together in one lawsuit.

6. Defendants' motion for leave to file an amended answer, Dkt. 85 in the '597 case, is GRANTED.

Entered September 14, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge